UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| KENNETH PORTER,<br>   Plaintiff,<br><br>v.<br><br>YALE UNIVERSITY POLICE DEP'T,<br>ET AL.,<br>   Defendants. | :<br>:<br>:<br>:  PRISONER<br>:  CASE NO. 3:11-cv-526(CFD)<br>:<br>:<br>:<br>:<br>: |

## **INITIAL REVIEW ORDER**

The plaintiff, Kenneth Porter, is currently incarcerated at New Haven Correctional Center in New Haven, Connecticut. He has filed a complaint *pro se* under 42 U.S.C. § 1983 naming Yale University and New Haven Police Departments, Yale University Police Officers Brian Donnelly and L. Blazejowski and New Haven Police Officers R. Arango, T. Barnes, R. Grant and G. Wittig and Sergeant K. Pullen as defendants. For the reasons set forth below, the complaint is dismissed in part.

**I. Complaint**

The plaintiff alleges that on May 24, 2010, Yale University Police Officers Donnelly and Blazejowski arrested him, placed him in handcuffs and then punched, kicked and choked him. New Haven Police Sergeant Pullen then sprayed him in the face with a chemical agent twice. The plaintiff claims that the defendants violated his First, Fourth, Fifth and Eighth and Fourteenth Amendment rights and his rights under the Connecticut Constitution. He seeks monetary damages.

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks

monetary relief from a defendant who is immune from such relief." *Id*. Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,' " does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to liberally construe a *pro se* complaint, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir.2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

In order to state a claim for relief under section 1983 of the Civil Rights Act, the plaintiff must satisfy a two-part test. First, the plaintiff must allege facts demonstrating that the defendant acted under color of state law. Second, the plaintiff must allege facts demonstrating that he has been deprived of a constitutionally or federally protected right. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 930 (1982); *Washington v. James*, 782 F.2d 1134, 1138 (2d Cir. 1986).

The plaintiff does not refer to the New Haven Police Officers R. Arango, T. Barnes, R. Grant or G. Wittig in the body of the complaint. As such, the plaintiff has not alleged

that they violated his federally or constitutionally protected rights. All claims against defendants Arango, Barnes, Grant and Wittig are dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) as lacking an arguable legal or factual basis.

The plaintiff alleges that defendants Donnelly, Blazejowski and Pullen used excessive force during the course of his arrest on May 24, 2010. "Excessive force used by officers arresting suspects implicates the Fourth Amendment's prohibition on unreasonable seizures, rather than the Fourteenth Amendment's guarantee of substantive due process." *Hemphill v. Schott*, 141 F.3d 412, 418 (2d Cir. 1998) (citation omitted). Because the plaintiff's allegations pertain to the use of force during his arrest by defendants, the court construes these claims of excessive force as brought pursuant to the Fourth Amendment. Accordingly, the Fourteenth Amendment claim is dismissed. *See* 28 U.S.C. § 1915A(b)(1).

The plaintiff claims that defendants Donnelly, Blazejowski and Pullen violated his First Amendment rights, but includes no facts to support a plausible First Amendment claim. Accordingly, the First Amendment claim is dismissed. *See* 28 U.S.C. § 1915A(b)(1).

The plaintiff alleges that defendants Donnelly, Blazejowski and Pullen violated his Fifth Amendment Due Process rights. The Fifth Amendment applies to the federal government, not to cities, towns or the states. *See* Dusenbery v. United States, 534 U.S. 161, 167 (2002) (holding Fifth Amendment's Due Process Clause protects citizens against only federal government actors, not State officials); *Ambrose v. City of New York*, 623 F. Supp.2d 454, 466–67 (S.D.N.Y.2009) (holding that any due process claim against the city was "properly brought under the Fourteenth Amendment, not the Fifth Amendment").

Because the plaintiff has not alleged any deprivation of his rights by the federal government, any Fifth Amendment due process claims against defendants Donnelly, Blazejowski and Pullen are dismissed. *See* 28 U.S.C. § 1915A(b)(1).

The Eighth Amendment protection against cruel and unusual punishments applies only after conviction. *See Whitley v. Albers*, 475 U.S. 312, 318 (1986). Because the plaintiff was not incarcerated at the time defendants Donnelly, Blazejowski and Pullen allegedly used excessive force against him, the Eighth Amendment affords him no protection. All claims for violations of the Eighth Amendment against defendants Donnelly, Blazejowski and Pullen are dismissed as lacking an arguable legal basis pursuant to 28 U.S.C. § 1915A(b)1.

Municipal police departments are not independent legal entities and are not subject to suit under section 1983. *See Nicholson v. Lenczewski*, 356 F. Supp. 2d 157, 164 (D. Conn. 2005). Thus, the complaint must be dismissed as to the New Haven and Yale Police Departments. *See* 28 U.S.C. § 1915A(b)(1).

After reviewing the amended complaint, the court concludes that the case should proceed at this time as to the Fourth Amendment claims as well as the state law claims against defendants Blazejowski, Donnelly and Pullen in their individual and official capacities.

## II. Request for Prejudgment Remedy

In his request for relief, the plaintiff asserts that he is giving the court notice of his application for prejudgment remedy. He claims that there is probable cause that a judgment will be entered on his behalf in the amount of $250,000.00. He asks the court to enter a prejudgment lien against property of the defendants to secure this sum.

Rule 64 of the Federal Rules of Civil Procedure permits a plaintiff to utilize the state prejudgment remedies available to secure a judgment that might ultimately be rendered in an action. *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 436 (1974); *Cordoba Shipping Co., Ltd. v. Maro Shipping, Ltd.*, 494 F. Supp. 183, 186 (D. Conn. 1980). Rule 64 provides in pertinent part:

> At the commencement of and during the course of an action, all remedies providing for seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by the law of the state in which the district court is held, existing at the time the remedy is sought . . . .

Fed. R. Civ. P. 64. Connecticut General Statutes § 52-278a *et seq*. governs prejudgment remedies and "provides that a plaintiff suing for a money judgment may attach a defendant's real or personal property during litigation, if the plaintiff follows the statutory procedures designed to protect the defendant." *Cordoba*, 494 F. Supp. at 186. Connecticut General Statutes § 52-278c sets forth the required documents to be filed with the court and the requirements of service on the defendant of notice of intent to secure a prejudgment remedy. A prejudgment remedy may be obtained when the plaintiff establishes that there is probable cause to sustain the validity of his claims. *See* Connecticut General Statutes § 52-278d.

Connecticut General Statutes § 52-278b provides that "no prejudgment remedy shall be available to a person in any action at law or in equity (1) unless he complied with the provisions of sections 52-278a to 52-278g inclusive . . . ." Connecticut General Statutes § 52-278c requires that an affidavit be submitted with the application for

prejudgment remedy. *See* Conn. Gen. Stat. § 52-278c(a)(2); *Lauf v. James*, 33 Conn. App. 223, 227-29, 635 A.2d 300, 302-03 (1993) (court held that section 52-278c(a) requires that an affidavit be submitted with an application for prejudgment remedy in order for the trial court to grant a prejudgment remedy). The affidavit must be "sworn to by the plaintiff or any competent affiant setting forth a statement of facts sufficient to show that there is probable cause that a judgment in the amount of the prejudgment remedy sought . . . will be rendered in the matter in favor of the plaintiff." Connecticut General Statutes § 52-278c(a)(2). Here, the plaintiff has attached a one-page document entitled Notice of Application for Prejudgment Remedy to the Superior Court (J.D.) At Hartford to his complaint. (*See* Compl. at 25.) . In this document, he simply declares under penalty of perjury that there is probably cause that a judgment will be entered on his behalf in the amount of $250,000.00. He includes no facts to support this statement. Accordingly, the court concludes that this Declaration fails to comply with Conn. Gen. Stat. § 52-278c(a)(2).

In addition, Connecticut General Statutes § 52-278c requires that a notice and claim form containing certain language must be attached to the application for prejudgment remedy. *See* Conn. Gen. Stat. § 52-278c(e), (f) and (g). The plaintiff has failed to attach the appropriate notice and claim form to his application for prejudgment remedy. Because the plaintiff's request for prejudgment remedy does not comply with subsections (a)(2), (e), (f) and (g) of Connecticut General Statutes § 52-278c, it is denied.

**ORDERS**

The court enters the following orders:

(1) All claims against the New Haven and Yale Police Departments and all

First, Fifth, Eighth and Fourteenth Amendment claims against defendants Blazejowski, Donnelly and Pullen are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1). All claims against defendants Arango, Barnes, Grant and Wittig are **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). The request for prejudgment remedy is **DENIED**. The Fourth Amendment and state law claims against defendants Blazejowski, Donnelly and Pullen in their individual and official capacities shall proceed.

(2) The Pro Se Prisoner Litigation Office shall prepare the documents required for official capacity service on defendants Blazejowski, Donnelly and Pullen and deliver them to the U.S. Marshal Service. **Within fourteen (14) days of this Order**, the U.S. Marshals Service shall serve the summons, a copy of the Complaint and this Order on defendants Blazejowski, Donnelly and Pullen in their official capacities by delivering the necessary documents in person to the New Haven City Clerk, 200 Orange Street, New Haven, CT 06510.

(3) **Within fourteen (14) days of this Order**, the Pro Se Prisoner Litigation Office shall mail waiver of service of process request packets to defendants Blazejowski, Donnelly in their individual capacities at the Yale University Police Department, 101 Ashmun Street, New Haven, CT 06511 and Pullen in his individual capacity at the New Haven Police Department, One Union Avenue, New Haven, CT 06519. On the thirty-fifth (35th) day after mailing, the Pro Se Office shall report to the court on the status of all waiver requests. If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(4) **The Pro Se Prisoner Litigation Office shall** send written notice to the plaintiff of the status of this action, along with a copy of this Order.

(5) **Defendants shall** file their response to the complaint, either an answer or motion to dismiss, within **seventy (70)** days from the date of this order. If the defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. They may also include any and all additional defenses permitted by the Federal Rules.

(6) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order. Discovery requests need not be filed with the court.

(7) All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(8) Pursuant to Local Civil Rule 7(a), a non-moving party must respond to a dispositive motion within **twenty-one (21)** days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

**SO ORDERED.**

Dated this 29th day of July 2011, at Hartford, Connecticut.

/s/ Christopher F. Droney
Christopher F. Droney
United States District Judge